Eastern Dist.
*June*, 1828.

DONALDSON
& AL.
*vs.*
HULL.

---

### HENDERSON vs. ST CHARLES CHURCH.

APPEAL from the court of the first district.

MATTHEWS, J. delivered the opinion of the court. This action was commenced by the late J. N. Destrehan, and since his death has been prosecuted by the present plaintiff, who has acquired the title to the property in dispute, under which it was held by its former proprietor.

The object of the suit is to settle the upper limit of the plantation now owned by the plaintiff, which separates the ground from that held

7ns 117
48  589

7 N S 117
109  833

7NS  117
117  630

A grant of 20 arpents in front with a depth of 40, passes a superficies of 800. If the contrary do not appear, the sides will be held to be parallel.

Eastern Dist. by the defendants as belonging to the church.
June, 1828.
The claim set up on the part of the former is
HENDERSON
vs.  for 28 arpents front on the Mississippi, with
ST.CHARLES
CHURCH. all the depth of land existing between the river
and lake Ponchartrain, to be embraced by
parallel lines. The latter claim by virtue of
the prescription of thirty years; and having
obtained judgment in their favour in the court
below, the plaintiff appealed.

This action is strictly one of *Bornage*. The
principal, if not the sole purpose for which it
was instituted, being to determine the course
of the line disputed between the parties. It is
true, there is an apparent diminution of the
extent of front claimed by the plaintiff, accord-
ing to the plan of a survey made, which has
been received in evidence. This appears to
be occasioned by a change given to the course
of the side lines, by running them in a parallel
direction, instead of allowing to the upper li-
mit a small inclination, as contended for by the
defendants. This incident in the cause needs
no farther notice; for the whole evidence fixes
the point designated by the letter A, on the
plan made by the surveyor general Bringier'
under the order of the district court, as that
which has been the limit in front, between the

plantation of the appellant and the land of the church, for more than thirty years previous to the commencement of the present suit.

Eastern Dist.
*June*, 1828.

HENDERSON
*vs.*
ST.CHARLES
CHURCH·

The original grants are not in evidence, or any plans of survey purporting to have been made by proper authority at the time of the concessions under which the present parties claim title. According to the date of some of the mesne conveyances, it appears that the grant to the immediate grantee of the government, from which the plaintiff's title is presumed to have been derived, is older than that by virtue of which the defendants have obtained title.

This fact admitted, general principles of law and many decisions of the supreme court have been invoked to shew that the appellant is entitled to have the whole front claimed by him, together with the quantity of land that may be included betweeen parallel lines running to the extent of his grant: in other words, to the lake.

A concession of a certain number of arpents front on a water course or other object, with what is called in this country the ordinary depth, or depth of forty arpents, will give to the grantee such superficies as result from a

Eastern Dist.
*June,* 1828.

HENDERSON
*vs.*
ST, CHARLES
CHURCH.
multiplication of 40 by the number granted in front. The side lines of the tract will be held to be parallel, if no legal impediment be shewn to prevent them from taking that course; such as conflicting title of superior legal force, &c.

In actions of *bornage*, the prescription of 30 years prevailed previous to the Louisiana code. *See the case of Bourguignon* vs. *Boudousquie, lately decided.*—A limit acquiesced in by a joining proprietors could not, after the lapse of that period, be changed, even by a claimant under a title which was older and better originally than that acquired by prescription. This is true to the fullest extent when uninterrupted possession is shewn on the part of the person claiming by prescription, for all the land which he has actually possessed by enclosures, &c. The naked possession, *pro suo,* unsupported by any title, gives right.

The evidence of the present case establishes, free from doubt, that the church had possessed the land which its officers now claim by prescription, above a point fixed and certain, and included by a line of separation between them and the plaintiff, having the course for which they contend, for more than thirty years previous to the commencement of this suit. The

Eastern Dist.
*June*, 1828.

HENDERSNN
*vs.*
St.Charles
church.

direction of the line is ascertained by ditches and a fence between them, running back at different periods, or according to the testimony of different witnesses, from three to ten arpents.

It cannot be denied, with the least semblance of truth, that by this possession the defendants have acquired a legal title to all the space actually enclosed, according to the extent and direction of the fence between their land and the plaintiff's plantation. So far it is the unalterable limit between the parties litigant. The only difficulty which the cause presents relates to the continuation of the division line towards the ultimate limits in the rear of the disputed premises.

Neither party, plaintiff or defendant, has shewn the course which the lines of the respective tracts ought to take, in pursuance of any authentic document. The grants or concessions from the public under which they claim are both to be presumed. On this presumption neither of them is without title. But that of the plaintiff is the eldest.

The prescription *longissimi temporis*, as to general principles, is regulated, in most respects, like those which are of short duration·

The possession by which it creates title, is under the influence of the 10 and 20 years. *See Pothier, traité de possession, No.* 170. Possession is acquired, *corpore et animo,* and the person who enters on a farm, acquires possession of the whole, tho' he can only occupy a particular spot.—*See same author, No.* 41, *and the law of the Roman digest therein quoted.*

The lands of the church, being held under a title derived from the sovereign power of the country which ruled at the time of the grant, it cannot be believed that possession was in any manner usurped without right or authority, by that religious community. By possessing a part of this tract, thus granted, they must be considered as legal possessors of the whole; and if they had shewn any plan of survey made by proper authority, which represented the line to be then there, and the appellant's as having the direction for which they contend, the decision of the case would have been freed from all embarrassment. Although no boundary should have been placed (except that of the beginning on the river) nor a single tree marked, if the magnetic course of the line alone had been given, the possessors of the land

Eastern Dist.
*June*, 1828.

HENDERSON
*vs.*
ST.CHARLES
CHURCH.

*pro suo,* would have acquired title to the whole tract, *jure prescriptionis.*

The want of direction to the line from any written evidence of title, may, in our opinion, be supplied by the testimony of the witnesses, who prove the course given to the ditches and fence, which form, and have formed, for thirty years at least, to a considerable extent, the common barrier between the plantation of the plaintiff and the land of the church. The latter obtained a concession of 40 arpents in depth, with a front of 10, and the line between this community and their immediate neighbour, sanctioned by prescription, has assumed a certain direction towards the lake or back lands, which must be continued in the same course and direction to the extent of their claim, without distinction in regard to the second concession.

The course given by the direction of the fence establishes the right of appellees to pursue it, (at least to the distance of 40 arpents,) as explicitly as a magnetic course, ascertained by a surveyor and laid down on his plan, could have done. It is true that the second concession made to the person under whom the appellant claims, bears date

Eastern Dist.
June, 1828.

HENDERSON
vs.
St.CHARLES
CHURCH.

some time prior to that obtained in favour of the church; but the latteral lines by which it is embraced, according to the request and grant, must have the same direction *au devant*, as those which enclosed the plantation immediately on the river: and we have already shewn that, in relation to the division line between it and the property claimed by the church, the course of this line is rightfully such as is insisted on by the defendants.

It is therefore ordered, adjudged and decreed, that the judgment of the district court be affirmed with costs.

*Seghers* for the plaintiff—*Mazureau* for the defendants.