The opinion herein correctly finds (as did the trial judge) that there is not now and never has been, any established line between the properties of plaintiff and defendant beyond 8arpents from the front line of the two properties on bayou Lafourche.
Formerly both properties were only 4 arpents in depth; that being the depth of the original grant by the Spanish government to Valentine Saulet, from whom both parties derive title. And the lands behind these 4 arpents were public lands, which were afterwards granted by the United States to the state of Louisiana under the Swamp Land Acts of 1849 and 1851.
By Act 136 of 1858 the state granted to these front proprietors the right to extend their lines to the ordinary depth of 40 arpents; *Page 1053 
meaning, of course, the lines as then actually established, andnot such lines as were established only long afterwards.
And it being now, at this late day, impossible to establish the ancient division lines between the respective properties, it follows that the only division which can be made of the lands thus granted by the state is one made in accordance with the provisions of article 851 of the Civil Code; i.e.,proportionately among all the grantees. And this is what the judgment orders.
There is no conflict between this case and Henderson v. St. Charles Church, 7 Mart. (N.S.) 117.
In that case the line which the court decreed should be extended, had been established "for more than 30 years previous to the commencement of this [that] suit," and had formed "for 30 years at least, to a considerable extent," the common boundary between the two estates. Cf. Opdenwyer v. Brown, 99 So. 482,155 La. 617. Whilst in this case there is no evidence whatever that,at the time of the grant by the state, there was any well-defined boundary between the two properties, even in front; for, as the trial judge finds, there is much conflict in the evidence "even as to the front 8 arpents," and the surveyors are disagreed as tothe direction of that line even to-day.
Rehearing refused.